PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2004 Dodge Neon struck a hole while she was traveling on Van Clevesville Road near Martinsburg, Berkeley County. Van Clevesville Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 12:30 a.m. on February 13, 2005, a clear and dry evening. Van Clevesville Road is a two-lane unmarked highway at the area of the incident involved in this claim. Claimant testified that she was driving on Van Clevesville Road with a vehicle Raveling towards her when her vehicle struck a hole on the edge of the highway. She stated that she had seen the hole previously but had been able to avoid it on other occasions. Claimant’s vehicle struck the hole sustaining damage both passenger side rims and tires Claimant’s vehicle sustained damage totaling $850.80. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Van Clevesville Road at the site of the claimant’s accident for the date in question.
Mark Baker, an Assistant Supervisor for the respondent in Berkeley County, testified that he had no knowledge of any holes on Van Clevesville Road for the date in question. Mr. Baker testified that there were no records of complaints concerning the condition of the road. He stated that the road was designed for residential use but has been experiencing an increase in truck traffic for agricultural purposes. Respondent maintains that it had no actual or constructive notice of any holes on Van Clevesville Road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. *38 of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in tins claim in the amount of $500.00.
Award of $500.00.